# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| KAUFMAN CHILDREN'S CENTER, for SPEECH, LANGUAGE, SENSORY-MOTOR AND SOCIAL CONNECT, INC., | |
| Defendant | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Angela Palimino. As alleged with greater particularity in paragraphs 11-14 below, the Commission alleges that Defendant, Kaufman Children's Center for Speech, Language, Sensory-Motor and Social Connect, Inc. violated the Americans with Disabilities Act when it failed to reasonably accommodate Palimino's disability

by allowing her to return to work with restrictions, and months later terminated her because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates

by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Kaufman Children's Center for Speech, Language, Sensory-Motor and Social Connect, Inc. (the "Employer") has continuously been doing business in the State of Michigan and the City of West Bloomfield and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Angela Palimino filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8. On September 26, 2014, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to

endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On November 12, 2014, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least April 2013, Defendant Employer has engaged in unlawful employment practices at its center in West Bloomfield, Michigan in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

12. Angela Palimino is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Palimino has a cardiac condition that substantially limits her major life activities, including but not limited to her circulatory system.

13. Palimino requested a reasonable accommodation on April 2013 when she asked her supervisor, Kelly Peterson, if she could

return to work in a light duty capacity. Defendant Employer knew of the Charging Party's limitations and failed to provide the reasonable accommodation requested or any other accommodation.

14.     Thereafter, Palimino attempted to return to work in her previous capacity as a full-time Applied Behavioral Analysis Therapist. Defendant Employer refused to let her return to work and instead terminated her on or about August 1, 2013, because of her disability.

15.     The unlawful employment practices complained of in paragraphs 11-14 above were intentional.

16.     The unlawful employment practices complained of in paragraphs 11-14 above were done with malice or with reckless indifference to the federally protected rights of Palimino.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to provide a reasonable accommodation to disabled employees.

B.   Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discharging qualified individuals with disabilities who are seeking to return to work with restrictions.

C.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.   Order Defendant to make Palimino whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay.

D.   Order Defendant Employer to make whole Palimino by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-14 above in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Palimino by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11-14 above, including but not limited to emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Palimino punitive damages for its malicious and reckless conduct, as described in paragraphs 11-14 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                          EQUAL EMPLOYMENT
                          OPPORTUNITY COMMISSION

                                s/ Laurie A. Young
                          LAURIE A. YOUNG
                          Regional Attorney

          s/ Kenneth L. Bird
KENNETH L. BIRD
Supervisory Trial Attorney


          s/ Nedra Campbell
NEDRA D. CAMPBELL (P58768)
Trial Attorney
DETROIT DISTRICT OFFICE
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410
nedra.campbell@eeoc.gov

Dated:  December 31, 2014